Dear Ms. Busbee:
As Acting Chair of the Florida Statewide Advocacy Council, you ask substantially the following question:
May members of a local advocacy council, who are attending a closed session of the statewide advocacy council during the discussion of one of the local council's cases, remain during the entire closed session of the statewide advocacy council which is considering cases from other advocacy councils unrelated to any of the local advocacy council's cases?
The Florida Statewide Advocacy Council (SAC) and Local Advocacy Councils (LAC) were created to serve as a volunteer network of councils to discover, monitor, and investigate the presence of conditions that constitute a threat to the rights, health, safety or welfare of persons who receive services from state agencies.[1] The LACs operate under the direction and supervision of the SAC.[2] While section 402.166(7), Florida Statutes, provides in part that an LAC shall first seek to resolve a complaint with the appropriate local administration, agency, or program, any matter not resolved by the local council is to be referred to the statewide council.[3]
You state that historically when an LAC has forwarded a case to the SAC for further investigation and resolution, the members of the LAC where the case originated have been permitted to sit in on that portion of the closed session of the SAC when the LAC's case is being discussed.[4] Upon completion of the discussion of the case relevant to the LAC, those LAC members have been requested to leave the closed session. A question has been raised by LAC members as to whether they must leave the closed SAC session.
Sections 402.165(8)(a)2. and 402.166(8)(a), Florida Statutes, respectively authorize the SAC and an LAC, "[i]n the performanceof its duties," to have access to all client records, files, and reports from any program, service, or facility that is operated, funded, or contracted by a state agency that provides client services and any records that are material to its investigation and are in the custody of any other agency or department of government.[5] Information obtained or produced by an LAC that is made confidential by law, that relates to the identity of any client or group of clients subject to the protection of this section, or that relates to the identity of an individual who provides information to the local council about abuse or about alleged violations of constitutional or human rights, is confidential and exempt from disclosure.[6]
Section 402.165(8)(c), Florida Statutes, exempts from the open meetings law that portion of a SAC meeting that relates the identity of a client or group of clients subject to the protections of the statute or to the identity of an individual who provides information to the SAC about abuse or about alleged constitutional or human rights violations of constitutional or human rights, or when testimony is provided relating to records otherwise made confidential by law. A similar exemption exists for LAC meetings.[7]
Thus, while the statutes permit an LAC to have access to confidential material in carrying out its duties, I find nothing in sections 402.164—402.167, Florida Statutes, which grant an LAC access to such confidential material which is not related to one of its investigations or cases. As noted above, the statutes authorize an LAC access to confidential information when carrying out its responsibilities. While it may be appropriate for LAC members attending a closed session of the SAC which is considering a case referred to it by that LAC, I cannot conclude that the statutes permit the dissemination of such confidential material to LAC members that have no jurisdiction over the case being discussed.[8]
Accordingly, I am of the opinion that members of a local advocacy council, who are attending a closed session of the statewide advocacy council during the discussion of one of the local council's cases, may not remain in the closed session when the statewide advocacy council is considering cases from other advocacy councils which are unrelated to the local advocacy council's cases.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] See s. 402.164(1), Fla. Stat., as amended by s. 9, Ch. 06-194, Laws of Fla. And see ss. 402.165(7)(a) and402.166(7)(a), Fla. Stat., which state that the councils were established to serve as "independent third-party mechanism for protecting the constitutional and human rights" of any client of a state agency.
[2] See s. 402.166(1), Fla. Stat.
[3] And see s. 402.166(7)(e), Fla. Stat., providing that the LAC may appeal to the statewide council any complaint unresolved at the local level; however, any matter that constitutes a threat to the life, safety, or health of a client or is multiservice-area in scope shall automatically be referred to the statewide council. See also 402.165(7)(c), Fla. Stat., which provides that among the duties of the SAC, is the responsibility to receive, investigate, and resolve reports of abuse or deprivation of constitutional and human rights referred to the statewide council by a local council.
[4] It is assumed for purposes of this inquiry that the sessions of the statewide council are properly closed in accordance with the statutes. See ss. 402.165(8)(c) and402.166(8)(c), Fla. Stat.
[5] See s. 402.164(2)(b) and (c), Fla. Stat., respectively defining "Client" and "Client services." And see s.402.165(7)(b) and 402.166(7)(b), Fla. Stat., stating that the councils may monitor, "by site visit and through access to records, the delivery and use of services, programs, or facilities operated, funded, or contracted by any state agency that provides client services, for the purpose of preventing abuse or deprivation of the constitutional and human rights of clients."
[6] Section 402.166(8)(b), Fla. Stat. And see s.402.166(8)(d), Fla. Stat., providing that records prepared by LAC members reflecting a mental impression, investigative strategy, or theory are exempt from disclosure until the investigation is completed or until the investigation ceases to be active; and s.402.166(8)(e), Fla. Stat., providing that any person who knowingly and willfully discloses any such confidential information commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[7] Section 402.166(8)(c), Fla. Stat.
[8] Cf. Op. Att'y Gen. Fla. 00-20 (2000) (in absence of statute specifying who may attend closed risk management meeting, personnel of the school district who are involved in the risk management aspect of the tort claim being litigated or settled may attend such meetings without jeopardizing the confidentiality provisions of the statute).